FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 14, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EMILY B.,<br><br>                   Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,[1]<br><br>                   Defendant. | No.  4:20-cv-05174-SMJ<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART AND REMANDING FOR ADDITIONAL PROCEEDINGS** |

Before the Court are cross-motions for summary judgment. ECF Nos. 20, 21. Attorney Chad Hatfield represents Emily B. (Plaintiff); Special Assistant United States Attorney Erin Highland represents the Commissioner of Social Security (Defendant). After reviewing the administrative record and the briefs filed by the parties, the Court grants Plaintiff's Motion for Summary Judgment in part; denies Defendant's Motion for Summary Judgment; and remands the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT–1

## JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on January 24, 2018, alleging disability since August 5, 2016, due to anxiety, depression, bipolar disorder, PTSD, nausea, memory loss, mood swings, hyper-focused, disassociation, and lack of concentration. AR 86–87.[2] The applications were denied initially and upon reconsideration. AR 140–46, 151–64. Administrative Law Judge (ALJ) Mark Kim held a hearing on January 16, 2020, AR 33–85, and issued an unfavorable decision on February 11, 2020. AR 15–24. Plaintiff requested review of the ALJ's decision by the Appeals Council and the Appeals Council denied the request for review on July 28, 2020. AR 1–5. The ALJ's February 2020 decision is the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on September 28, 2020. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1994 and was 21 years old as of her alleged onset date. AR 23. She has a high school education and has attended college off and on over the last several years. AR 39, 327. She has a minimal work history, having worked

---

[2] References to the administrative record (AR), ECF No. 17, are to the provided page numbers to avoid confusion.

ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT–2

part time in a movie theater and a restaurant. AR 77–78. In 2016 she was psychiatrically hospitalized for rapid mood swings and depression with suicidal thoughts. AR 1148–50. She has received treatment for various mental health impairments since that time. She has also complained of nausea, vomiting, intestinal discomfort, and pain with her menstrual cycle, and has been diagnosed with irritable bowel syndrome and polycystic ovarian syndrome.

## STANDARD OF REVIEW

The ALJ is responsible for determining the reliability of a claimant's allegations, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner*

ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT–3

*of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a); *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987). In steps one through four the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098–99. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 404.1520(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193–94 (9th Cir. 2004). If a claimant cannot make an adjustment

ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT–4

to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 404.1520(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On February 11, 2020, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. AR 15–24.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. AR 17.

At step two, the ALJ determined Plaintiff had the following severe impairments: bipolar disorder, generalized anxiety disorder, depressive disorder, borderline personality disorder, and obesity. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. AR 18–19.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform work at all exertional levels with the following non-exertional limitations:

> The claimant should avoid all unprotected heights. She is able to perform routine tasks with only occasional and simple changes in the work setting that do not require fast-paced work. She is able to perform work involving only occasional and superficial interaction with the public and coworkers with no tandem tasks.

ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT–5

AR 19.

At step four, the ALJ found Plaintiff could perform her past relevant work as a janitor. AR 23.

Alternatively, at step five the ALJ found that, considering Plaintiff's age, education, work experience and residual functional capacity, Plaintiff could perform jobs that existed in significant numbers in the national economy, specifically identifying the representative occupations of router, marker, and garment sorter. AR 23–24.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. AR 24.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the Commissioner erred by (1) not properly assessing the severe medically determinable impairment; (2) improperly assessing the medical opinions; (3) not properly assessing Plaintiff's testimony; (4) failing to conduct an analysis and failing to find Plaintiff disabled at step three; and (5) improperly finding Plaintiff could perform her past relevant work and other work.

ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT–6

# DISCUSSION

## A. Step Two

Plaintiff argues the ALJ erred at step two by finding a number of her conditions to be non-severe. ECF No. 20 at 17–18.

The step-two analysis is "a de minimis screening device used to dispose of groundless claims." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005). An impairment is "not severe" if it does not "significantly limit" the claimant's ability to conduct "basic work activities." 20 C.F.R. §§ 404.1522(a), 416.922(a). "An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (internal quotation marks omitted).

The ALJ found Plaintiff had a number of non-severe impairments, including autism, PTSD, nausea and vomiting, irritable bowel syndrome, gastroenteritis, and polycystic ovarian syndrome (PCOS). AR 18. The ALJ found the impairments were not severe because they had not been shown to cause a more than slight limitation in basic work activities. *Id.*

Plaintiff argues the ALJ erred in this finding, as he offered no explanation. ECF No. 20 at 17. She further notes that, despite the ALJ's statement that all impairments and symptoms were accounted for in the RFC, the RFC did not

accommodate Plaintiff's need for additional and extended restroom breaks due to IBS, PCOS, and nausea and vomiting. *Id.* Defendant argues the record fails to establish any of Plaintiff's physical issues as severe or causing significant limitations, noting a few ER visits in 2017 but no further complaints during the relevant period. ECF No. 21 at 11–12.

The Court finds the ALJ did not support his finding with substantial evidence. The ALJ cited to no records in making his finding regarding non-severe impairments. The record contains evidence of Plaintiff's ongoing struggles with nausea, vomiting, and pain surrounding her menstrual cycle, and indicators that her physical and mental conditions were connected or exacerbated each other. AR 326–27, 355, 405, 415–16, 533–38, 540–42, 544–46, 552, 603–04, 703, 710, 778, 788–92, 793, 1008. As discussed below, Plaintiff's treating doctor assessed numerous physical limitations on Plaintiff's ability to work. AR 793–95. The ALJ failed to acknowledge any of these treatment records in his decision or to offer any explanation for why this evidence did not support a finding of more than a minimal effect on Plaintiff's ability to work.

On remand, the ALJ shall reconsider the medical records and offer an explanation for the step two findings.

//

//

ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT–8

B.  **Medical Opinion Evidence**

Plaintiff contends the ALJ erred by improperly assessing the medical opinion evidence. ECF No. 20 at 9–16.

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must weigh medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c, 416.920c. The new regulations provide the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings, including those from treating medical sources. 20 C.F.R. § 404.1520c(a). Instead, the ALJ will consider the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source. 20 C.F.R. § 404.1520c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). *Id.* The regulations make clear that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520c(b). The ALJ may

ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT–9

explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations:

> (1) *Supportability*. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) *Consistency*. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c). The Ninth Circuit has additionally held that the new regulatory framework displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022).

### 1. Dr. Justin Olswanger

In November 2019, Plaintiff's primary care provider, Dr. Justin Olswanger, completed a medical source statement commenting on Plaintiff's conditions and limitations. AR 793-95. He noted diagnoses of IBS and PCOS, with symptoms

including diarrhea, constipation, chronic nausea, fatigue, and pain. AR 793. He opined Plaintiff was limited to performing sedentary work, would need to lay down during the day for 1-3 hours, would miss four or more days of work per month, and would be off-task and unproductive for over 30% of a workday, depending on the job. AR 793-95.

The ALJ found the opinion was not persuasive "because Dr. Olswanger had a short treatment duration and his opinion is inconsistent with the claimant's treatment records and objective medical testing." AR 21.[3]

Plaintiff argues the ALJ erred by finding the opinion inconsistent with the record without identifying any treatment records or objective findings that undermined the opinion, and by failing to define a "short treatment duration" or offering any rationale for discounting the opinion on that basis. ECF No. 20 at 9-10. Plaintiff further argues the opinion is confirmed by supportive evidence of Plaintiff's nausea and vomiting, diarrhea, irregular menstrual periods, and constant fatigue and pain from her various conditions. *Id.* at 10-11. Defendant argues the ALJ's analysis is supported by substantial evidence given Dr. Olswanger's treatment records failing to support the opinion and the lack of support from the

---

[3] The ALJ mistakenly referred to Dr. Olswanger as a chiropractor when the record indicates he is a Doctor of Osteopathic Medicine (DO). However, the ALJ did not explicitly find Dr. Olswanger's opinion to be less persuasive based on credentials. AR 21.

ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT–11

treatment records and objective testing as a whole, citing to evidence of little treatment and lack of follow up with a gastrointestinal specialist. ECF No. 21 at 6–7.

The Court finds the ALJ's discussion is not supported by substantial evidence. As discussed above regarding step two, the ALJ failed to discuss any of the treatment records for Plaintiff's physical conditions. An ALJ may not simply offer conclusions—they "must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Treichler v. Commissioner of Social Security*, 775 F.3d 1090, 1103 (9th Cir. 2014). While Defendant points to evidence and explanations that could have supported the ALJ's conclusion, the Court will review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which they did not rely. *Garrison v. Colvin* 759 F.3d 995, 1010 (9th Cir. 2014)(citing *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).

On remand, the ALJ will reconsider Dr. Olswanger's opinion, along with the reevaluated physical medical records.

**2.    Psychological Opinions**

Plaintiff argues the ALJ erred in rejecting the opinions of a number of examining and reviewing psychological sources in favor of the non-examining medical expert at the hearing. ECF No. 20 at 11–16.

ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT–12

As this claim is being remanded for further consideration of the evidence, the ALJ shall reassess each of the medical opinions in light of the record as a whole.

**C.    Plaintiff's Subjective Statements**

Plaintiff contends the ALJ erred by improperly rejecting her subjective complaints. ECF No. 20 at 18–20.

It is the province of the ALJ to make determinations regarding a claimant's allegations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's

statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. AR 20. The ALJ found Plaintiff's allegations to be undermined by her activities, the type of treatment received, and Plaintiff's work history, along with objective findings that did not demonstrate limitations to the degree alleged. AR 20–22.

Plaintiff argues the ALJ's analysis is insufficient, as the record does not support improvement in or control of her conditions to the extent the ALJ found, her activities were not inconsistent with her allegations, and that her minimal work history is due to her young age. ECF No. 20 at 18–20. She further argues the treatment records support her allegations. *Id.* at 20. Defendant argues the ALJ reasonably interpreted the record and that all of the factors considered were relevant to the evaluation of Plaintiff's subjective allegations. ECF No. 21 at 14–18.

Given the errors discussed above and the fact that this claim is being remanded for further consideration of the medical evidence, the ALJ shall also reassess Plaintiff's subjective complaints in light of the record as a whole.

**D.     Other Errors**

Plaintiff argues the ALJ erred at step three in failing to find Plaintiff's mental conditions met or equaled a listing, and that the job findings at steps four and five

were insufficient based on the mis-formulation of the RFC. ECF No. 20 at 18, 20-21.

Because this claim is being remanded for further proceedings, the ALJ shall reassess the evidence and take into consideration any additional evidence submitted in making new findings on each of the steps of the sequential evaluation process.

## CONCLUSION

Plaintiff argues the decision should be reversed and remanded for the payment of benefits under the credit-as-true rule. ECF No. 20 at 21. Under Ninth Circuit caselaw, the Court had the discretion to remand a case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The commentary accompanying the 2017 revisions to the rules for assessing medical opinions made clear that "it is never appropriate under our rules to 'credit-as-true' any medical opinion" and specifically mentioned that the Ninth Circuit rules were not being adopted in the new regulations. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, Fed Reg. Vol 82, No. 11 5858–60 (Jan 18, 2017). The Court therefore finds that remand for further proceedings is the appropriate remedy.

The ALJ's decision is not supported by substantial evidence. On remand, the ALJ shall reevaluate the medical evidence of record and Plaintiff's subjective complaints, making findings on each of the five steps of the sequential evaluation

ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT–15

process, and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 20**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 21**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. The Clerk's Office is directed to **ENTER JUDGMENT** and **CLOSE** this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 14th day of September 2022.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT–16